FILED

2022 Aug-15 PM 04:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

Pro Se 14 (Rev. 09/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA

Kelvin Demetrius Peacock
*Plaintiff*

*(Write your full name. No more than one plaintiff may be named in a complaint.)*

-v-

Matthew R. Stone
Calloway, Warden
Hudson, Captain
*Defendant(s)*

*(Write the full name of each defendant who is being sued. If the names of all of the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here. Your complaint may be brought in this court only if one or more of the named defendants is located within this district.)*

Case No. ___2:22 CV 1039-LCB-GMB___
*(to be filled in by the Clerk's Office)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Prisoner Complaint)

---

NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee of $400.00 or an Application to Proceed *In Forma Pauperis*.

Mail the original complaint and the filing fee of $400.00 or an Application to Proceed *In Forma Pauperis* to the Clerk of the United States District Court for the Northern District of Alabama, Room 140, Hugo L. Black U.S. Courthouse, 1729 5th Avenue North, Birmingham, Alabama 35203-2195.

---

1

I.    **The Parties to this Complaint**

A.    **The Plaintiff**

Provide the information below for the plaintiff named in the complaint.

Name    Kelvin Demetrius Peacock

All other names by which
you have been known:    Demetrius Kelvin Peacock

ID Number    187315

Current Institution    Donaldson Correctional Facility

Address    100 Warrior lane

Bessemer                         AL.         35023
*City*                          *State*       *Zip Code*

B.    **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed

Defendant No. 1

Name    Matthew R. Stone

Job or Title *(if known)*    Correctional Officer

Shield Number

Employer    Alabama Department of Corrections (kilby)

Address    P.O. Box 150

Mt. Meigs                        AL          36057
*City*                          *State*       *Zip Code*

☒ Individual Capacity    ☐ Official Capacity

Defendant No. 2

Name    Calloway

Job or Title *(if known)*    Warden

Shield Number

Employer    Alabama Dept. Of Corrections (kilby)

Address    P.O. Box 150

MT. Meigs                        AL          36057
*City*                          *State*       *Zip Code*

☒ Individual Capacity    ☐ Official Capacity

2

Defendant No. 3

Name                          Hudson

Job or Title *(if known)*      Captain

Shield Number

Employer                      Alabama Dept. Of Correction (Kilby)

Address                       P.O. Box 150

MT. Meigs                     AL            36057
*City*                        *State*       *Zip Code*

☒ Individual Capacity    ☐ Official Capacity

Defendant No. 4

Name

Job or Title *(if known)*

Shield Number

Employer

Address

*City*                        *State*       *Zip Code*

☐ Individual Capacity    ☐ Official Capacity

## II.     Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal law]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A.     Are you bringing suit against *(check all that apply)*;

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B.     Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities, secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials? Assault and battery, deliberate indifference. Eighth Amendment; and First Amendment retaliation

C. Plaintiffs suing under *Bivens* may only recover for violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

_____

_____

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed. Pepper sprayed Plaintiff for being unable to place his hands behind him and fabercating it with displinary action; also code of Silence

## III.    Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial Detainee

☐ Civilly committed detainee

☐ Immigration detainee

☒ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☐ Other _____
  *(explain)*

## IV.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

_____

_____

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

Kilby Corr. Facility July 12, 2021 A·dorm

4

C.   What date and approximate time did the events giving rise to your claim(s) occur?

July 12, 2021 near 7:30 a.m.

D.   What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

Plaintiff was peppersprayed in his wheelchair by Defendant Stone because he was unable to place his hands behind his back to be handcuffed with one pair of handcuffs in front of officer Pean and the entire dorm.

## V.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries in detail.

Plaintiff has to have reading glasses now and still unable to walk or stand on his own after thearpy and constant pain.

## VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Attached in pages 11-12 of statement.

5

**VII.** **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). Kilby Correctional Facility

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐ Yes

☒ No

☐ Do Not Know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover ·some or. all of your claims?

☐ Yes

☒ No

☐ Do Not Know

If yes, which claim(s)?

_____

_____

D.  Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes  Oral

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.  If you did file a grievance

I.  Where did you file the grievance?

Oral Complaint to Sgt. William

2.  What did you claim in your grievance?

being assauted for no cause

3.  What was the result, if any?

Transferred to Donaldson C.F.

4.  What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

7

F.    If you did not file a grievance:

    I.    If there are any reasons why you did not file a grievance, state them here:

    _____

    2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

    _____

    3.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

    _____

    _____

    *(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.    Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had any cases dismissed based on grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted?

☐    Yes

☒    No

If yes, state which court dismissed your case(s), when this occurred, and attach a copy of the order(s) if possible.

_____

_____

_____

_____

_____

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2.  Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.  Docket or index number

_____

4.  Name of Judge assigned to your case

_____

5.  Approximate date of filing lawsuit

_____

6.  Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition. _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

## IX.    Certification and Closing

Under Federal Rule of Civil-Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and ( 4) the complaint otherwise complies with the requirements of Rule 11.

**I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

**Printed Name of Plaintiff**        Kelvin Peacock

**Prison Identification #**        187315

**Prison Address**        Donaldson Corr. Fac. • 100 Warrior lane

Bessemer                AL            35023

            *City*                *State*        *Zip Code*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    July 7, 2022
            (Date)

Signature of Plaintiff

10

United States District Court
Northeren District Of Alabama

Kelvin D. Peacock,
    Plaintiff,

V.

Matthew R. Stone, Officer;
Callaway, Warden; and          Case No.:
Hudson, Captain; Sued
in their individual Capacities,
    Defendants.

Jury Trial Demanded

1. This is a civil rights action filed by Kelvin Peacock, a State prisoner, for damages and injunctive relief under 1983, alleging excessive use of force, Retaliation, and pleading Personal Involvement. Plaintiff also seeks and injunction and damages pursuant to the Americans with Disabilities Act and the Rehabilitation Act.

Jurisdiction

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 in that this is a civil action arising under the Constitution of the United States.

1

3. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1343 (a)(3) in that this action seeks to redress the deprivation, under color of state law, of rights secured by Acts of Congress providing for equal rights of person within the jurisdiction of the United States.

## Parties

4. The plaintiff, Kelvin Peacock, was incarcerated at Kilby Correctional Facility ("Kilby") durning the events described in this complaint.

5. Defendant Matthew R. Stone is a Correctional Officer employed at Kilby. He is sued in his individual capacity.

6. Defendant Hudson is a Captain in charge of security at Kilby. He is sued in his individual capacity.

7. Defendant Calloway is Warden at Kilby and is in charge of the supervision and discipline of all correctional staff at Kilby. She is sued in her individual capacity.

2

8. All the defendants have acted, and continue to act, under color of state law at all times relevant to this complaint.

## Factual Statement

9. On or about July 12, 2021, not far past 7 a.m. defendant Stone and (Cadet) John Doe where in A-dorm.

10. Defendant Stone Stated "you have til 8 o'clock to get your area in compliance. (Make your beds, take down the strings, and clean your living area.]"

11. Defendant Stone searches four (4) inmates living area while in simultaneously conversation with John Doe, then they left the dorm.

12. Moments later Officer Penn came into A-dorm checking and replacing inmates (disignated area) wristbands.

13. About twenty (20) mins. later defendant Stone and John Doe returned walking through A-dorm when defendant Stone yells; "get you area in compliance.

14. As they made their way down the narrow isles

3.

to the back of the dorm where I sleep defendant Stone says to me "put your blue state issued blanket on your bunk" (bed).

15. Plaintiff informed defendant Stone that he had not been giving a blue state issued blanket since returning to Kilby on or about April, 19, 2021 after his back surgery.

16. Defendant Stone said "that has nothing to do with me, give me your I.D. (picture I.D. Card) and unlock your box (locker on bed), I'm going to shake you down and when I find a blue blanket I am going to write you a displinary.

17. Plaintiff unlocked his box as ordered and said Officer Stone I'm trying to go home I have no reason to lie about a blanket. When they moved me from medical (p-ward) they had left this white hospital blanket I returned here off the ambulance with on my mattress.

18. Defendant Stone said "We'll see, get up."

19. Plaintiff said he was in the wheel chair because of his handicap, extreme weakness in

4.

his legs and knees, unable to walk or stand on his own; In addition, he just had surgery to surgery to his lower spine.

20. Defendant Stone stated "Okay!", "I'm going to shake (search) you down and your going to get up."

21. Defendant Stone yell! "I'm giving you a direct order", ("get up"). now).

22. Plaintiff told defendant stone the Administrative rule (AR) 222 says you cannot discriminate against individuals with a disability; Also, the (AR) 208 prvent abuse attached to your badge.

23. Defendant Stone said "let me do my job, you will be alright standing here.

24. Plaintiff reaches up grabbing the top beds an pulled himself up to his feet.

25. Defendant Stone reaches around plaintiff and unfasten his (XXX Hely & Weber) backbrace then pull the posterior panel with so much force he ripped off one side of the nylon strap holding the panel in place for comfort an support.

5

26. Defendant Stone search plaintiff removing from his shirt pocket a pen, phone book, an a pack of cigarette (Newport).

27. He tossed the pen and phone book instantly onto 81.6 moments later, he fling a ripped cigarette pack and a few broken cigarettes on the bed also.

28. Defendant Stone shoved the back-brace against my back and said: "Sit", the back-brace falls to the floor.

29. Plaintiff told defendant he was going an report him to the Captain.

30. Defendant Stone yells "stop"

31. Plaintiff stopped, as ordered.

32. Defendant Stone yells "put your hands behind your back", holding a can of pepper spray inches away from plaintiff's face.

33. Plaintiff says there as far back as he can reach that his arm and shoulderblade is against the wheel chair handle.

34. Defendant Stone sprayed plaintiff without

6

Warning Yelling "put you hands behind you".

35. Defendant Stone grabs plaintiff left-arm twisting it behind the wheel chair, shoving his head forward then placed a hand-cuff on his left wrist.

36. Plaintiff could hear various Voices Shouting "his arms are behind him, that's uncalled for, and he's in a wheel chair," "look at the handle"".

37. Plaintiff heard another shout say "hold up Stone, ("damn")... how far can he put his hands behind himself in that wheel chair;" "I got him!"

38. Officer Penn said "I got you big-man let me get this other set of Cuffs on you, and I will take you to medical to flush your eyes and get a body-chart.

39. As officer Penn escort plaintiff out of the dorm he says "I hope your going to sue the shit out him," yes!." he seen your arms were as far as they could go" ("hell!. you need two (2) sets of cuffs big as you are.

40. A few seconds later plaintiff hears another Voice saying "don't tell me, Stone!" sprayed the man

7

in the wheel chair ("he don't mess with anybody").

41. "Everytime... they put him on the floor he's going to do something stupid" said officer Penn, "take him to medical to flush his eyes, and get a body chart."

42. "Okay", said officer Calloway and escorted plaintiff to medicals (examination room).

43. "Don't rub it, it will burn worse" stated officer Calloway "just let the water run on it.

44. Then officer Calloway told plaintiff "I don't know why they keep putting Stone on the floor; knowing he goes out of his way to make inmates time harder; he never fail to: call a code, send one to lock up, (segregation) or Spray (pepperspray) or write up (displinary)."

45. After plaintiff was released from medical he noticed immediately straightened out his living area that defendant Stone did not bother to take, either attempt to replace (White hospital blanket with a blue State issued blanket).

8

46. Later that morning sergeant William sent for plaintiff to write a statement.

47. Once at the shift office plaintiff told sergeant William that defendant Stone left the white hospital blanket on the bed, and plaintiff don't know how to write a statement.

48. Sergeant William told plaintiff "don't worry about that blanket, just write the statement best he can".

49. "I advise you to sue him" said Sergeant William.

50. Plaintiff wrote what happened.

51. Two (2) days later plaintiff received a displinary for (failure to obey a direct order of a ADOC Employee).

52. The following morning plaintiff was transferred to Donaldson Correctional Facility July 15, 2021.

53. Plaintiff was giving a hearing on July 20, 2021 and found not guilty.

9

# Claim for Relief

54. The action of defendant Stone, spraying plaintiff with pepperspray without need or provocation, were done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth Amendment of the United State Constitution.

55. The action of defendant Stone spraying plaintiff with pepperspray without need or provocation constituted the tort of assaut and battery under the law of Alabama.

## Deliberate Indifference

56. The failure of defendants Calloway, and Hubson to act against defendant Stones' misusing force record that led to plaintiff being sprayed with pepperspray, constituted deliberate indifference in violation of the Eight Amendment to the United States Constitution.

## Retaliation

57. The action of defendant Stone in spraying plaintiff with pepperspray, and filing of false displinary charge against plaintiff for attemptting oral complaint to supervisor constituted retaliation of grievances

10

and therefore violated the First Amendment of the United States Constitution.

## Relief Requested

WHEREFORE, Plaintiff requests that this Court grant the following relief:

A. Declare that Defendant Stone Violated Plaintiff's Eighth Amendment right when he sprayed plaintiff with pepper spray and constituted an assault and battery under State law.

B. Declare that Defendant Stone Violated Plaintiff's First Amendment right filing false displinary charges against plaintiff in retaliation to the United States Constitution.

C. Declare that Defendants Calloway, and Hubson failure to take action against Defendant Stones' misusing force record Violated plaintiff Eighth Amendment right Constituted deliberate indifference to the United States Constitution.

D. Issue an injunction ordering defendants or their agents:

11

1. to refrain from using pepperspray against plaintiff, except when immediately necessary to prevent injury, death, or the destruction of valuable property; and

2. to refrain from their actions or inactions about staff misconduct (officer with record of misusing force).

E. Award compensatory damages for plaintiff's physical and emotional injuries, and punitive damages against each defendant; and

F. Grant Plaintiff such other relief as it may appear plaintiff is entitled to.

July 10, 2022

Respectfully Submitted

Kelvin Peacock
Kelvin Peacock
187315  M-84
Donaldson Corr. Fac.

12

100 Warrior lane
Bessemer AL, 35023

Sworn to and Subscribed before me this

10th day of July, 2022.

_____
Notary Public

Date: 10 51/2022

My Commission exp: 8 Sep 2024
State of Alabama
County of Jefferson

Certificate of Service

I, Kelvin Peacock, do hereby certify that a true and correct copy of the foregoing has been placed in mail box at William E Donaldson correctional facility by 1st class postage on this 10th day of July, 2022.

_____
Kelvin Peacock #187315

13

00187315A

Alabama Department of Corrections

**DISCIPLINARY REPORT**
403A Warden Decision

DIS

Incident Report Number:    KCF-21-00965

1. Inmate:    PEACOCK, KELVIN DEMETRIS

Custody:    MEDIUM

2. Institution:    WILLIAM E. DONALDSON CORR. FAC

AIS: 00187315A

3. The above inmate is being charged by:

STONE, MATTHEW R

Disc #: KCF-21-00965-1

with a violation of the following Rule(s):

925 - Failure to obey a direct order of an ADOC Employee

From Administrative Regulation #403, which occured on or about:

Jul 12 2021 8:23AM at A-Dorm

A hearing on this charge will be held after 24 hours from being served.

4. Circumstances of the violation(s) are as follows:

On July 12, 2021, Officer Stone gave you, inmate Peacock B/187315, a direct order to placed your hands behind you back to be handcuffed. You inmate Peacock refused. Therefore, you, inmate Peacock are charged with failure to obey a direct order.

07/12/2021
Date

STONE, MATTHEW R / Officer
Arresting Officer Name / Title

5. I hereby certify that on this 15th day of July, 2021, at (time) 01:50:00, I have personally served a copy of the foregoing upon the above named inmate and I have informed the inmate of his/her right to present oral or written statement at the hearing and to present written questions for the witnesses.

SCOTT, KAYLON O
Serving Officer Name / Title

Inmate Refused to Sign
Inmate's Signature / AIS Number

Inmate's Signature

6. Witnesses desired?    NO:

YES: Inmate Refused to Sign
Inmate's Signature

If yes, list:    DAVIS, DARRYL LEE / 00154224A
PENN, KRAMMER L
YOUNG, GREGORY CATLIN / 00300308A

Hearing Date:    July 20, 2021    Time:    13:40:00    Place:    South Unit Office

Inmate must be present in Hearing Room. If he / she is not present, explain in detail on additional page and attach. The Arresting Official. Inmate. and all Witnesses were sworn to tell the truth.

SCOTT, LATONYA Y
Hearing Officer Name / Title

A finding is made that the inmate is capable of representing himself / herself.

SCOTT, LATONYA Y
Hearing Officer Name / Title

PEACOCK, KELVIN DEMETRIS / 00187315A

ea:

Not Guilty

resting Official's testimony (at the hearing):

y 12, 2021, Officer Stone gave you, inmate Peacock B/187315, a direct order to placed your hands behind you back to be handcuffed. mate Peacock refused. Therefore, you, inmate Peacock are charged with failure to obey a direct order.

ate's testimony:

t refused. I am in a wheel chair and my hands could only go so far. I did what I could.

ness:

YOUNG, GREGORY CATLIN / 00300308A

ony:

no need to call witness

7/26/2021 1:55:36 PM

Alabama Department of Corrections

**DISCIPLINARY REPORT CONTINUATION KCF-21-00965-1**

403A Warden Decision

SCOTT, LATONYA Y
Hearing Officer Name / Title

15. The inmate was allowed to submit question(s) to all witnesses. Copy of questions and answers are attached.

16. The following witnesses were not called:

Witness:    DAVIS, DARRYL LEE / 00154224A
Reason Not Called:    No need to call witness
Witness:    PENN, KRAMMER L
Reason Not Called:    No need to call witness

17. After hearing all of the testimony, the Hearing Officer makes the following findings of fact (Be Specific):

The hearing Officer finds that:

The hearing officers finds inmate Kelvin Peacock not guilty for failure to obey a direct order

18. Basis for finding of fact:

The Hearing Officer basis for finding was based on the fact that inmate Kelvin Peacock B/187315 was in a wheel chair and it could have been impossible to place his hands behind his back and be handcuffed to the rear with one pair of handcuffs on.

19. Hearing Officer's decision:    [ ] Guilty    [ X ] Not Guilty    [ ] Recommend for reinitiation

20. Hearing Officer's recommendation of sanction(s) to be taken against this inmate:

[ ] Counseling / Warning

[ ] Extra Duty for _____ days at _____ hours per day under supervision _____ Shift

[ ] Loss of Outside privileges for _____ days

[ ] Loss of Canteen privileges for _____ days

[ ] Loss of Telephone privileges for _____ days

[ ] Loss of Visiting privileges for _____ days

[ ] Removal from Hobby Craft

[ ] Loss of Good Time _____ Yrs _____ Mos _____ Dys

[ ] Disciplinary Seg for _____ days

[ ] Recommend Custody Review

[ ] Recommend Job Change

[ ] Financial Compensation _____

**Community Based Institutions Only:**

[ ] Draw cut to __ (min $25) for __ days

[ ] Restriction / State Whites for _____ days

[ ] Loss of Passes for _____ days

[ ] Return to Inmate Staff for _____ days

SCOTT, LATONYA Y
Hearing Officer Name / Title

1. Warden's Action - Date:    07/26/2021

Approved    Kenneth Peters

Disapproved _____

Other (specify) _____

I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above named Inmate on this the _____ day of _____, 20_____ at (time) _____ ( am / pm ).

Date: 7/26/2021 1:55:36 PM

Alabama Department of Corrections
**DISCIPLINARY REPORT CONTINUATION** KCF-21-00965-1
403A Warden Decision

23. _____

Serving Officer Name / Title

Inmate's Signature / AIS Number

Distribution:    Original to Central Records Division
        Copy to:    I & I (If Federal or State law violated)
                Inmate Institutional File
                Board of Pardons and Parole
                Sentencing Judge (if applicable)

021 1:55:36 PM